IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CALVIN STOVER                                                                          PLAINTIFF

            v.                              Civil No. 15-5095

DETECTIVE CHRISTOPHER MOIST,
4th Judicial District Drug Task Force (DTF);
DETECTIVE CAMERON CRAFTON, DTF;
DETECTIVE REX FREDRICK, DTF;
DETECTIVE THORSON, DTF; CHREEA
STANIMIROVIC BOOHER, Deputy Prosecuting
Attorney, Washington County; GLENDA
ARDEMAGNI, Notary, Washington County
Prosecuting Attorneys' Office; PROSECUTING
ATTORNEY JOHN C. THREET; JUDGE RAY
REYNOLDS; TONY PIRANI, Public Defender                                                 DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Calvin Stover, pursuant to 42 U.S.C. §

1983.  Plaintiff proceeds *in forma pauperis* and *pro se*.

The case is before me for preservice screening under the provisions of the Prison

Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

### (1).  Background

According to the allegations of the complaint (Doc. 1), on May 1, 2012, the Plaintiff was

arrested  pursuant  to  a  warrant  and  charged  with  delivery  of  a  controlled  substance

(methamphetamine).  The warrant was issued on April 9, 2012, with an offense date of January 18,

2011.  Plaintiff  maintains  the  arrest  was  unlawful  and  based  on  information  provided  by  a

confidential informant who was "unproven, untested and unaccountable."   Doc. 1 at 6.

-1-

AO72A
(Rev. 8/82)

Plaintiff alleges that Detective Moist committed perjury in the affidavit used to obtain the arrest warrant. Plaintiff indicates that the confidential informant did not explain how he or she knew the Plaintiff and did not give any description of the Plaintiff, instead only identifying him from a picture supplied by Moist. Plaintiff alleges that Detective Thorson conspired with Moist and Detective Crafton to accuse Plaintiff of the crime of delivery of a controlled substance.

Plaintiff maintains a photo array should have been used. He alleges that the use of a single photograph when no description had been given was suggestive, coercive, and presumptively prejudicial. Id.

Plaintiff maintains there was "no rational connection" between himself and the methamphetamine. Id. Plaintiff alleges that the charges were dismissed on March 6, 2013, on the grounds that no confidential informant could be found and there was no other evidence that Plaintiff committed a crime. Id. at 6-7.

Plaintiff alleges prosecuting attorney Chreea Stanimirovic Booher conspired with Moist, Crafton, Thorson, and Fredrick to conceal the fact that the affidavit contained misleading false statements. Id. at 11. Plaintiff also believes that Booher forged Moist's signature on the affidavit. Id. at 12.

Plaintiff brought this alleged forgery to the attention of his attorney Tony Pirani and also the State Attorney General. Id. Plaintiff asserts that Pirani "outright refused to bring the issue [of the forged document] before the trial court judge." Id. at 13. Plaintiff maintains Pirani did not act in his best interests when he failed to pursue the issue after speaking with Booher. Id.

Plaintiff alleges that John Threet, as head prosecutor for Washington County, failed to properly train and supervise Booher, resulting in Plaintiff's wrongful arrest. Id. at 12. Plaintiff also

-2-

alleges that Glenda Ardemagni, a notary, conspired to conceal the unlawful actions of Booher when she notarized the forged legal document on April 5, 2012.  Id. at 13.

With respect to Judge Ray Reynolds, Plaintiff alleges that he "abandoned his detached and neutral role by becoming an adjunct police officer when he rubber stamped the affidavit to contain the arrest warrant.  Id. at 14.  Plaintiff contends there were no facts to support the issuance of a warrant.  Id.

Plaintiff also alleges that Detective Fredrick is listed in the narrative of the affidavit as having met with the confidential informant in Springdale, Arkansas.  Id. at 10.  Plaintiff alleges Fredrick was reckless in identifying Plaintiff when he has never seen Plaintiff do an illegal act.  Id.

"Because of the false charges," Plaintiff alleges he "missed court (was late)" and was "re-arrested for failure to appear."  Id. at 7.  He was given a $100,000 bond.  Id.  Because he was unable to post bond, he remained in jail for six months awaiting trial.  Id.

Plaintiff contends his 4th, 5th, and 14th Amendment rights were violated by the bringing of false charges.  Id. at 7.  He seeks compensatory and punitive damages.  Id. at 15.

**(2).  Discussion**

As noted above, under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."

-3-

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42, 48 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

A number of Plaintiff's claims are subject to dismissal. First, his claims against Threet and Booher are subject to dismissal. The prosecuting attorney and deputy prosecuting attorney are immune from suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259, 273-74 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is

-4-

only entitled to qualified immunity); <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261, 1266-67 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).  Based on the allegations of the complaint, it is clear Threet and Booher are entitled to absolute immunity.

Second, the immunity afforded to prosecuting attorneys also applies to members of the prosecutor's staff for "acts committed in the course of their duties . . . as staff of a prosecutor of the state." <u>Pizzuto v. Smith, et al.</u>, Civil No. 5:12-cv-149, 2013 WL 3324086, *7 (N.D.W. VA. July 1, 2013)(victim's advocate employed at the prosecutor's office); <u>see also Adewumi v. Withenle, et al</u>., Civil No. 4-cv-14-807 (M.D. Pa. June 9, 2014)(district attorney and her staff are absolutely immune); <u>Richard v. Goins, et al</u>, Civil No. H-14-0303, 2014 WL 710956 (S.D. Tex. Feb. 21, 2014)(paralegal employed at the prosecutor's office).  Therefore, Glenda Ardemagni, a notary for the prosecutor, is entitled to absolute immunity.

Third, Plaintiff's claims against Judge Ray Reynolds are subject to dismissal.   Judge Reynolds is immune from suit. <u>Mireles v. Waco</u>, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); <u>see also Duty v. City of Springdale</u>, 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." <u>Robinson v. Freeze</u>, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. <u>Mireles</u>, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

AO72A
(Rev. 8/82)

Fourth, the claims against public defender Tony Pirani are subject to dismissal. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999). Pirani was not acting under color of state law while representing Plaintiff in his criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Fifth, to the extent Plaintiff is asserting a malicious prosecution claim, it fails as a matter of law. The "Constitution does not mention malicious prosecution." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

### (3). Conclusion

For the reasons stated, I recommend that all claims against Deputy Prosecuting Attorney Booher, Prosecuting Attorney Threet, Glenda Ardemagni, notary employed by the prosecutor, Judge Ray Reynolds, Public Defender Tony Pirani be dismissed. Further, I recommend that any malicious prosecution claims be dismissed. These claims are frivolous or fail to state claims upon which relief may be granted.

By separate order, the complaint will be served on Detectives Moist, Crafton, Fredrick, and Thorson.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

-6-

**timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of May 2015.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-