IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CALVIN STOVER                                                                                                  PLAINTIFF

v.                                              Case No. 5:15-CV-05095

DETECTIVE CHRISTOPHER MOIST, 4th Judicial
Drug Task Force (DTF); DETECTIVE CAMERON
CRAFTON, DTF; DETECTIVE REX FREDRICK,
DTF; DETECTIVE THORSON, DTF; CHREEA
STANIMIROVIC BOOHER, Deputy Prosecuting
Attorney, Washington County; GLENA ARDEMAGNI.
Notary, Washington County Prosecuting Attorneys'
Office; JUDGE RAY REYNOLDS; TONY PIRANI,
Public Defender; and PROSECUTING ATTORNEY
JOHN THREET                                                                                                DEFENDANTS

**O R D E R**

Currently before the Court are the findings and recommendations (Doc. 8) of the Honorable Erin L. Setser, United States Magistrate for the Western District of Arkansas. Also before the Court are Plaintiff's objections (Doc. 11). No response to the objections was filed by Defendants. The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Plaintiff raised objections. 28 U.S.C. § 636(b)(1).

The Magistrate recommends that all claims against Defendants Chreea Stanimirovic Booher, John Threet, Glenda Ardemagni, Judge Ray Reynolds, and Tony Pirani, as well as any claims for malicious prosecution be dismissed. The Magistrate reasoned that Booher, Threet, and Ardemagni were absolutely immune from suit; Judge Ray Reynolds was judicially immune; Pirani was not acting under color of state law in his role as public defender; and the Eighth Circuit has held that malicious prosecution, by itself, does not allege a constitutional injury.

Plaintiff filed objections arguing that Booher, Threet, and Ardemagni are not entitled to prosecutorial immunity, alleging in part that Booher was acting outside of her role as a prosecutor in initiating the prosecution against Plaintiff in bad faith, in reviewing an affidavit for warrant of arrest prepared by Detective Moist, and in allegedly forging Detective Moist's signature on the affidavit. The Court disagrees. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id.* at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (internal quotation omitted)). Booher, Threet, and Ardemagni are entitled to the protections of absolute immunity, and Plaintiff's objections as to those Defendants are overruled.

Plaintiff argues that Judge Reynolds was acting outside the scope of his judicial duties in approving the arrest warrant based on Detective Moist's affidavit. Again, the Court disagrees. The Eighth Circuit has specifically held that claims against a judge for issuing an arrest warrant are barred by judicial immunity. *Denoyer v. Dobberpuhl*, 208 F.3d 217 (8th Cir. 2000) (unpublished per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam)). The Court finds that the reasoning of the Magistrate on this issue is sound, and Plaintiff's objections as to Judge Reynolds are overruled.

Throughout his objections, Plaintiff argues that he has adequately pleaded a civil conspiracy claim against all Defendants. A civil conspiracy claim will not deprive immune defendants of their immunity. *See Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) ("a prosecutor is absolutely immune from a civil conspiracy charge when his alleged participation in the conspiracy consists of otherwise immune acts"). While a public defender may not be immune from § 1983 liability if the defender conspired with other state actors to violate a plaintiff's constitutional rights, Plaintiff has not sufficiently pleaded any involvement by Pirani in a civil conspiracy that would support an inference of conspiracy. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) ("Allegations that a public defender has conspired with judges to deprive [a plaintiff] of federally protected rights may state a claim under § 1983. However, allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds." (internal citation and quotation omitted)). Plaintiff's objections that the Defendants recommended for dismissal were involved in a civil conspiracy such that they should not be dismissed are therefore overruled.

Having reviewed the objections, the Magistrate's report, and the record as a whole, the Court finds that any other objections stated by Plaintiff, or that the Court might construe, are likewise overruled.

Therefore, the Court, being well and sufficiently advised, finds that the report and recommendations (Doc. 35) is ADOPTED IN ITS ENTIRETY. For the reasons stated herein and in the report and recommendations, IT IS ORDERED that Plaintiff's claims against Defendants Booher, Threet, Ardemagni, and Reynolds are DISMISSED WITH PREJUDICE, as the claims are against defendants who are immune from suit. Plaintiff's claims against Defendant Pirani are

DISMISSED WITHOUT PREJUDICE as they fail to state claims upon which relief may be granted. Any malicious prosecution claims brought under federal law pursuant to 42 U.S.C. § 1983 are also dismissed with prejudice for failure to state a claim.

      IT IS SO ORDERED this 10th day of July, 2015.

                                    */s/ P. K. Holmes, III*
                                    P.K. HOLMES, III
                                    CHIEF U.S. DISTRICT JUDGE