IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CALVIN STOVER                                                                                    PLAINTIFF

      v.                          Civil No.  15-5095

DETECTIVE CHRISTOPHER MOIST,
4th Judicial District Drug Task Force (DTF);
DETECTIVE CAMERON CRAFTON, DTF;
DETECTIVE THORSON, DTF; and
DETECTIVE REX ALAN FREDRICK                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Delta Regional Unit of the Arkansas Department of Correction (ADC).  This case involves the use of a confidential informant (CI) to make a controlled buy from the Plaintiff on January 18, 2011.  Defendants, at the times relevant to this case, worked as Drug Task Force (DTF) agents with the Fourth Judicial Drug Task Force.

The case is before me on the motion for summary judgment filed by Detectives Fredrick, Moist, and Thorson (Docs. 72-74) and the motion for summary judgment filed by Detective Crafton (Docs. 76-78).  A hearing was held on June 7, 2016, to allow Plaintiff to offer sworn testimony in response to the motions.  Plaintiff also submitted a number of exhibits.  The Plaintiff appeared by video conference.

### I.  Background & Evidence Presented

According to the affidavit of Detective Moist, he was the lead detective on a controlled buy involving a CI on January 18, 2011, and was responsible for monitoring the buy. *Defendants' Exhibit* (hereinafter *Defts' Ex.*) 1 at ¶ 6.  Detective Moist indicates the CI used for the controlled buy had previously been used by DTF detectives and had provided truthful

AO72A
(Rev. 8/82)

information. *Id.* at ¶ 7. Defendants maintain there was no reason to believe the CI was unreliable. *Id.*; *Defts' Ex.* 2 at ¶ 6; *Plff's Ex.* 15 at ¶ 6.

Plaintiff testified that he was friends with the CI, who he identified as Colleen Craig. *Defts' Ex.* 5 at 13. He identified her by voice from a DVD provided to him by the Defendants of the controlled buy. *Id.*

Detective Thorson was responsible for driving the CI to the location, Grainger Circle, in Springdale, Arkansas, where the CI would purchase methamphetamine. *Defts' Ex.* 2 at ¶ 4. Detective Frederick indicates he was responsible for working the wires for the wireless recorder/transmitter. *Defts' Ex.* 3 at ¶ 5. While he does not recall who searched the CI, Detective Fredrick states he had "no reason to believe that the CI was not searched both before and after the controlled buy, as this was standard procedure." *Id.* at ¶ 6.

On April 5, 2012, Detective Moist executed a sworn affidavit for warrant of arrest for the Plaintiff based on the January 18, 2011, controlled buy. *Defts' Ex.* 1 at ¶ 9; *Defts' Ex.* 8; *Plaintiff's Exhibit* (hereinafter *Plff's Ex.*) 10. An arrest warrant was issued. *Defts' Ex.* 9 Plaintiff was charged with delivery of a controlled substance and Detective Moist was notified by the Washington County Prosecutor, Amy Driver, that there would be a trial. *Defts' Ex.* 1 at ¶ 10; *Defts' Ex.* 9. All attempts to reach the CI were unsuccessful. *Defts' Ex.* 1 at ¶ 11. Because the CI could not be located, the criminal charge against the Plaintiff was nolle prossed on March 8, 2011. *Id.* at ¶ 12; *Defts' Ex.* 11. Detective Crafton was not involved with the January 18, 2011, controlled buy. *Crafton's Ex.* A at ¶ 6. Although he had used the CI on August 23, 2010, to purchase drugs from the Plaintiff. *Id.* at ¶¶ 3-4. No arrest was made as a result of the August 23rd buy.

Plaintiff testified that he had no idea why the Defendants believed he sold drugs to the CI and maintains that he has never sold drugs. Plaintiff does indicate he lived on Grainger Circle

AO72A
(Rev. 8/82)

for late 2010 and early 2011. *Defts' Ex.* 5 at 15.[1] The CI indicated Plaintiff was driving a Silver Dodge Durango. Plaintiff testified he had never driven such a car. Plaintiff indicated that he was aware that Defendants claim to have used the CI on other occasions.

Plaintiff admits it was his voice on an audio recording where the CI and he are discussing quantities of drugs and money. He concedes the conversation was about purchase and sale of drugs.

Plaintiff was arrested on the warrant on May 1, 2012. *Defts' Ex.* 5 at 8; *Defts' Ex.* 10; *Plff's Ex.* 9. At the time, he was in possession of a firearm and narcotics, which led to new charges being filed. *Defts' Ex.* 5 at 8; *Plff's Ex.* 9. Plaintiff was convicted on these charges and is currently serving his sentence. *Id.; Defts' Ex.* 18.

Plaintiff contends he was falsely arrested on May 1, 2012, and charged with delivery of a controlled substance arising out of the January 18, 2011 controlled buy. He alleges: the CI was unreliable and not properly searched; the affidavit to obtain the arrest warrant was insufficient to establish probable cause; and Defendants were not properly trained by their respective employers.

## II.  Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that

---

[1] Page references are to the deposition pages and not the CM/ECF page number.

AO72A
(Rev. 8/82)

a genuine issue of material fact exists." National Bank of Commerce v. Dow Chemical Co., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." National Bank, 165 F.3d at 607 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." Id. (citing, Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985)).

### III. Discussion

Defendants deny that there was any violation of the Plaintiff's constitutional rights. They contend reliance on the CI to obtain the arrest warrant was valid. They maintain that probable cause existed to charge him with delivery of a controlled substance. They also maintain they are entitled to qualified immunity in their individual capacities. With respect to the official capacity claims, they maintain there was no custom, policy, or practice of the respective police departments that was the moving force behind the alleged constitutional violations.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

AO72A
(Rev. 8/82)

### Probable Cause for Arrest

"Probable cause exists if the totality of the facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed . . . an offense." Flynn v. Brown, 395 F.3d 842, 844 (8th Cir. 2005) (internal quotation marks and citations omitted). "[D]etermining if probable cause exists is not an exact science." Brodnicki v. City of Omaha, 73 F.3d 1261, 1265 (8th Cir. 1996).

When information from a CI is used to obtain an arrest warrant, the courts look to the historical reliability of the CI, the provision of descriptive information not easily discoverable, and the independent corroboration of the information by investigating officers. United States v. Marchena-Borjas, 209 F.3d 698, 700 (8th Cir. 2000). In this case, Detective Crafton provided information indicating the CI had previously bought drugs from the Plaintiff. Doran v. Eckold, 409 F.3d 958, 965 (8th Cir. 2005)("settled principle that law enforcement officers may rely on information provided by others in the law enforcement community, so long as the reliance is reasonable"). A controlled buy was executed using detailed information provided by the CI. The conversation between the CI and Plaintiff was recorded. Plaintiff admits it was his voice on the recording and that they were discussing quantities of drugs and money. Probable cause clearly existed for his arrest. There is no genuine issue of material fact as to whether Plaintiff's constitutional rights were violated when an arrest warrant was issued based on the affidavit of Detective Moist.

### Qualified Immunity

In this case, the Defendants worked as agents of a DTF but were actually employed by various city police departments. Detectives Moist and Thorson were employed by the Springdale Police Department. Detective Frederick was employed by the Prairie Grove Police Department. Detective Cameron was employed by the Fayetteville Police Department.

Having found that the facts do not make out a constitutional violation, Defendants are entitled to qualified immunity. See, e.g., Krout v. Goemmer, 583 F.3d 557, 564 (8th Cir. 2009) (unless the facts make out a violation of a constitutional right the Defendant is entitled to qualified immunity).

**Official Capacity Claim**

"[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013). To establish a municipalities liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted).

There exists "an important distinction between claims based on official policies and claims based on customs. Because an official policy speaks for itself about the intent of public officials, proof of a single act by a policy maker may be sufficient to support liability." Jenkins v. County of Hennepin, 557 F.3d 628, 633 (8th Cir. 2009)(citation omitted). Liability requires the Plaintiff to establish that: (1) the policy was unconstitutional; and (2) it was the moving force behind the harm he suffered. *Id.*

In contrast to show the existence of a custom, Plaintiff must adduce "evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id.* at 634. "[L]iability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the municipality as to constitute a custom or usage." Crawford v. Van Buren County, 678 F.3d 666, 669 (8th Cir. 2012)(internal quotation marks and citation omitted).

Here, there is no genuine issue of material fact as to the official liability claims. Plaintiff presented no evidence to suggest the existence of an unconstitutional policy or custom. Rather,

he relied solely on the use of a CI.  There is nothing suggesting the use of a CI in his case was unconstitutional or that there was a widespread custom of using unreliable CIs.

### IV.  Conclusion

For the reasons stated, I recommend that the motions for summary judgment (Docs. 72 & 76) be **GRANTED and this case DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of December 2016.

/s/ *Erin L. Setser*
  HON. ERIN L. SETSER
  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)